# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ARIAS, JR., | CASE NO. CV F 08-01085 LJO WMW HC |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE; DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT** |
| vs. | |
| M. CARRASCO, | |
| Respondent. | |

On July 28, 2008, Joseph Arias, Jr. ("Petitioner"), a *pro se* California prisoner, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").[1] On December 8, 2008, Kelly Harrington ("Respondent") filed an Answer to the Petition. As of the date of this Order, Petitioner has not filed a Traverse or a request for an extension of time to do so. Thus, this matter is ready for decision.

## PROCEDURAL HISTORY

In March 2000, Petitioner was convicted in the San Diego County Superior Court of one count of attempted murder, four counts of assault with a firearm, and one count of robbery with enhancements, and was sentenced to state prison. (Answer Ex. A.) In March 2007, Petitioner was convicted in the

---

[1] Although petitions for habeas corpus relief are routinely referred to a Magistrate Judge, *see* L.R. 72-302, the Court exercises its discretion to address the Petition pursuant to Local Rule 72-302(d).

1

Imperial County Superior Court of assault with a deadly weapon. (*Id.*)

Following a prison disciplinary hearing, on November 30, 2006, Petitioner was found guilty of the possession or manufacture of a deadly weapon while incarcerated at the California Correctional Institution in Tehachapi. (Pet. 22.)[2] Petitioner was assessed 360 days credit forfeiture. (*Id.* 23.)

On November 20, 2007, Petitioner filed a habeas petition in the Kern County Superior Court claiming his due process rights were violated during the prison disciplinary hearing. (Answer Ex. B.) On January 15, 2008, the superior court denied the habeas petition in a reasoned opinion. (*Id.* Ex. C.)

On February 27, 2008, Petitioner subsequently filed a habeas petition in the California Court of Appeal, which summarily denied the petition on April 14, 2008. (Answer Exs. D, E.)

On May 5, 2008, Petitioner filed a petition for review in the California Supreme Court, which summarily denied the petition on June 25, 2008. (Answer Exs. F, G.)

On July 28, 2008, Petitioner filed his federal Petition in this Court.

## **FACTUAL BACKGROUND**[3]

> [Petitioner] is not protesting his conviction or sentence of thirty-nine years to life for attempted murder robbery with firearm enhancement.
> [Petitioner] protests the imposition of prison discipline resulting in the loss of 360 days no [sic] restorable credits in placement in segregated housing unit.
> [Petitioner] contends that he did not receive due process in that the Senior Hearing Officer did not question Officer Stevens, Davis, Gomez, and Kephart about scrape marks on the floor finding the questions irrelevant.
> The rules violation occurred on November 5, 2006 during a cell search at approximately 10:00 A.M. in which during the conduct of a search of [Petitioner's] cell, a weapon wrapped in cellophane three inches long, ½ in wide and 1/8 inch thick was found in the cell door channel to the left of the cell door. The Officer took possession of the weapon photographed it.
> Although [Petitioner] initially requested postponement of the hearing pending referral to the District Attorney for prosecution, he revoked that requests [sic] one day later, and opted to go ahead with the hearing on November 30, 2006.

(Answer Ex. C.)

## **STANDARD OF REVIEW**

The current Petition was filed after the Antiterrorism and Effective Death Penalty Act of 1996,

---

[2] For ease of reference, the Court utilizes the handwritten page numbers in the Petition.

[3] The Court adopts the factual background from the January 15, 2008, Kern County Superior Court opinion on habeas review as a fair and accurate summary of the evidence. *See* 28 U.S.C. § 2254(e)(1); *Hernandez v. Small*, 282 F.3d 1132, 1135 n.1 (9th Cir. 2002).

2

Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), was signed into law and is thus subject to its provisions. *See Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997). The standard of review applicable to Petitioner's claims is set forth in 28 U.S.C. § 2254(d), as amended by the AEDPA:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the AEDPA, the "clearly established Federal law" that controls federal habeas review of state court decisions consists of holdings (as opposed to dicta) of Supreme Court decisions "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). To determine what, if any, "clearly established" United States Supreme Court law exists, the court may examine decisions other than those of the United States Supreme Court. *LaJoie v. Thompson*, 217 F.3d 663, 669 n.6 (9th Cir. 2000). Ninth Circuit cases "may be persuasive." *Duhaime v. Ducharme*, 200 F.3d 597, 598 (9th Cir. 2000) (as amended). On the other hand, a state court's decision cannot be contrary to, or an unreasonable application of, clearly established federal law if no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court. *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004); *see also Carey v. Musladin*, 549 U.S. 70, 76-77 (2006).

A state court decision is "contrary to" clearly established federal law if the decision either applies a rule that contradicts the governing Supreme Court law, or reaches a result that differs from the result the Supreme Court reached on "materially indistinguishable" facts. *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam); *Williams*, 529 U.S. at 405-06. When a state court decision adjudicating a claim is contrary to controlling Supreme Court law, the reviewing federal habeas court is "unconstrained by § 2254(d)(1)." *Williams*, 529 U.S. at 406. However, the state court need not cite or even be aware of the controlling Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8.

3

State court decisions which are not "contrary to" Supreme Court law may only be set aside on federal habeas review "if they are not merely erroneous, but 'an *unreasonable* application' of clearly established federal law, or are based on 'an *unreasonable* determination of the facts.'" *Early*, 537 U.S. at 11 (*quoting* 28 U.S.C. § 2254(d)). Consequently, a state court decision that correctly identified the governing legal rule may be rejected if it unreasonably applied the rule to the facts of a particular case. *Williams*, 529 U.S. at 406-10, 413; *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam). However, to obtain federal habeas relief for such an "unreasonable application," a petitioner must show that the state court's application of Supreme Court law was "objectively unreasonable." *Woodford*, 537 U.S. at 24-25, 27. An "unreasonable application" is different from an "erroneous" or "incorrect" one. *Williams*, 529 U.S. at 409-10; *see also Waddington v. Sarausad*, 129 S. Ct. 823, 831 (2009); *Woodford*, 537 U.S. at 25.

A state court factual determination must be presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Furthermore, a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

## DISCUSSION

Petitioner's sole claim is that his due process rights during the November 2006 prison disciplinary hearing were violated when he was not allowed to direct questions to several officers. (Pet. 4-7.) Because the California Supreme Court summarily denied this claim, the Court must "look through" to the last reasoned decision, that of the Kern County Superior Court on habeas review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). In rejecting Petitioner's claim, the superior court stated:

> The court notes that so long as there is some evidence to uphold the imposition of prison discipline, the court will not disturb its imposition. *In re Powell* (1988), 45 Cal.3d 894, 902, 904.
> Here the hearing officer relied on the report of the incident wherein [Petitioner] admitted culpability and offered to take the blame. He also thought that such weapons would be found in a mattress. Even though he retracted the statement of culpability later citing that it is possible that scrape marks were put there so one prisoner could intercept an adjacent cell's television programming.
> The Hearing Officer found the revised statement a partial admission of guilt in that he admitted responsibility for his portion of the cell. Secondly, the photographs were consistent with a weapon found during the search. Third, the questions about the

4

scrapes were found to be irrelevant pursuant to 15 Cal. Code Regs. Section 3315(e))(1)(B) [sic] in that the questions were not specific as to time, and did not change the fact that a weapon was found within [Petitioner's] cell. Petitioner was unable to refute the evidence amassed against him.

Due to the existence of sufficient evidence to find [Petitioner], guilty, he fails to satisfy the burden of proof to show he has a viable claim for relief under habeas corpus. *People v. Romero* (1994), 8 Cal.4th 728, 737.

On the basis of the foregoing, the petition for writ of habeas corpus is accordingly denied.

(Answer Ex. C.)

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that "due process requires procedural protections before a prison inmate can be deprived of a protected liberty interest in good time credits." *Superintendent v. Hill*, 472 U.S. 445, 453 (1985). The Supreme Court has stated:

> Where a prison disciplinary hearing may result in the loss of good time credits, *Wolff* held that the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Id.* at 454 (*citing Wolff*, 418 U.S. at 563-67). "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Reasons for a prison committee to refuse to call a witness include "irrelevance, lack of necessity, or the hazards presented in individual cases." *Id.*

"[T]he requirements of due process are satisfied if *some evidence* supports the decision by the prison disciplinary board to revoke good time credits." *Hill*, 472 U.S. at 455 (emphasis added). The Supreme Court elaborated the "some evidence" standard:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. . . . The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.

*Id.* at 455-56 (citations omitted); *see also Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th

Cir. 2006).

Here, the superior court correctly noted that the prison hearing officer had the discretion to deny witnesses or information that were irrelevant, including the questions Petitioner desired asked and answered regarding the scrapes in his cell. *See Wolff*, 418 U.S. at 566. The superior court could reasonably conclude that the existence of other scrape marks in Petitioner's cell was irrelevant to the issue of whether Petitioner had a weapon in his cell.

In any event, some evidence supported the prison hearing officer's findings. The testimony of Officer Stevens, incident reports, photographs, and Petitioner's admission constituted some evidence to support Petitioner's possession of the weapon found in his cell. (*See* Pet. 24-37.)

Accordingly, the Court finds that the California courts' rejection of Petitioner's due process claim was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Thus, habeas relief is not warranted on this claim.

**Certificate of Appealability**

Because Petitioner challenges a prison disciplinary hearing, a certificate of appealability is not required. *See* 28 U.S.C. § 2253(c)(1)(A); *Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir. 2005) (per curiam).

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court DENIES the Petition for Writ of Habeas Corpus with prejudice. The Clerk of Court is ORDERED to enter Judgment for Respondent and to close Case No. CV F 08-01085 LJO WMW HC.

IT IS SO ORDERED.

**Dated:   April 10, 2009**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE